**Randall RISEDORF**

v.

**COMMANDING OFFICER, UNIVERSI-TY of PENNSYLVANIA NROTC et al.**

**Civ. A. No. 78–3320.**

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1981.

David R. Morrison, Philadelphia, Pa., for plaintiff.

Joseph M. Gontram, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Pending before this Court is the motion of the defendant for summary judgment. This case arises from petitioner Risedorf's petition for habeas corpus which was filed after he was ordered to report for active duty in the Navy on September 29, 1978. The sole question addressed by the motion

---

is whether there is any basis in fact for the Navy's denial of Risedorf's application for discharge as a conscientious objector. Finding there is adequate support in the record for the defendant's rejection of Risedorf's application and that the defendant is entitled to summary judgment as a matter of law, I grant the motion and the petition is hereby dismissed.

While Risedorf was a student at Temple University, he enlisted in the Naval Reserve Officer Training Corps (hereinafter "NROTC") at the University of Pennsylvania unit. In July, 1978, petitioner wrote a letter to his commanding officer requesting that he be discharged from the Navy as a conscientious objector. Petitioner was directed to make a formal application which he filed on November 9, 1978. In the meantime, petitioner was ordered to report for active duty on September 29, 1978 and subsequently he filed a habeas corpus petition with this court. Pending exhaustion of petitioner's administrative remedies, I entered an order by consent continuing the scheduled hearing on the petition and by agreement of counsel petitioner has continued to live in the community.

Following this court's order, petitioner began his administrative remedies pursuant to the regulations contained in the Bureau of Naval Personnel Manual, No. 1860120, regarding applications for discharge as a conscientious objector. Petitioner was personally interviewed and his application reviewed by a naval investigating officer, a chaplain, and a psychiatrist. In support of his application petitioner submitted the letters of five personal friends. He gave a signed statement under oath and acknowledged in writing that he knew of his right to receive a copy of the record and rebut the findings of the investigating officer.

On January 31, 1979 the investigating officer delivered his report to the Commandant of the Fourth Naval District in Philadelphia. The report which denied petitioner's request for discharge states, *inter alia*, that before the hearing held on January 22, 1979 the investigating officer invited petitioner's civilian counsel to attend the hearing, but petitioner and counsel decided not to have counsel present. At the hearing the officer advised petitioner of his right to counsel but he chose to proceed alone. Concerning his conscientious objection, the investigating officer quoted petitioner as saying "[he] would bear arms to defend America" if he were "sure it was the will of God," but to do so he would need permission of his ecclesiastical leader, Reverend Sun Myung Moon. The officer found that petitioner's application indicated that he was not totally opposed to war, but rather he believed that he could serve his country better by fully participating in the activities of the Unification Church.

In his report to the Chief of Naval Personnel the Commandant affirmed the investigating officer's decision noting that petitioner's rebuttal statement failed to add any information that supported the petitioner's assertion that he was ideologically opposed to war. The Commandant's report states:

> [H]e [petitioner] never indicates that he is opposed to the use of force, merely that the battle to win men's minds is more important and will be more decisive than a battle fought with ships and other mechanical devices. In his rebuttal to the investigating officer's report, SN Risedorf states "I have a firm and sincere objection to participation in war. I have already stated my belief that war is wrong and against God's will. To remain in the service would be to do so in the assumption that God might change his mind." This does not bring SN Risedorf within the definition of a conscientious objector.

The Chief of Naval Personnel also agreed with petitioner's commanding and investigating officers that he was not entitled to a conscientious objector classification. This conclusion was reached on the basis of statements petitioner made in his application, his sworn statement made at the investigating officer's hearing and the recommendations of naval personnel who interviewed him in connection with his application.

The government argues that summary judgment is proper because petitioner's application and statements made at the hearing show that he is a selective objector; therefore, he fails to meet the standards for discharge from military service. The Supreme Court has held that an applicant for classification as a conscientious objector must show that he is opposed to war in any form, that the basis for his objection stems from his religious beliefs and that his beliefs are sincere. *Gillette v. United States,* 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); *Welsh v. United States,* 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); *Witmer v. United States,* 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). The standard of review in cases such as this is whether there is a basis in fact for the Navy's denial of petitioner's application. *Silverthorne v. Laird,* 460 F.2d 1175, 1179 (5th Cir. 1972).

Petitioner does not contend that the record fails to show a basis in fact if the statement made to the investigating officer is considered; however, counsel for petitioner argues that the statement was improperly obtained by deception and should not have been considered. Petitioner argues that without the statement the record does not contain a basis in fact for the determination.

In his reply brief, petitioner's counsel asserts that the Government improperly obtained his sworn statement, that it does not accurately reflect his religious views and that it was taken solely to be used against him. Petitioner has not supported his reply brief with any affidavits or other evidence which support these allegations. *See* Fed.R.Civ.P. 56(c). Without more, these bald assertions do not rise to the level needed to controvert the evidence of record relied upon by the government. Petitioner's sworn statement reveals that he did not object to the manner in which it was obtained when he was given an opportunity to do so at the hearing. The document shows that he meticulously corrected it at various points where he disagreed with the typewritten copy and then initialed the corrections in the margin. Petitioner's rebut-

tal letter regarding the hearing record in effect reaffirms his sworn statement as he states, "I do not wish to change any testimony in my sworn statement, however, I would like to make clear that by 'sacrifice myself', I mean to put the welfare of others before myself." The whole thrust of petitioner's rebuttal letter is merely to clarify the record, not to lodge charges against the manner in which his statement was procured. Petitioner's failure to allege specific facts anywhere in the record of the investigating officer's purported wrongful inducement and coercion renders counsel's mere assertions insufficient to raise a genuine issue of material fact as required. Fed.R. Civ.P. 56(e).

After a careful review of the record, I conclude that the Government is entitled to summary judgment because petitioner has clearly failed to meet all the criteria for discharge as a conscientious objector. There is a basis in fact for the determination that he is not steadfastly opposed to war in any form as evidenced by his sworn statement in which he says that he would participate in a war if he were given permission by Reverend Moon and if he were certain God wanted him to. Thus, there is a basis in fact for the Navy's determination that petitioner's religious beliefs do not totally exclude his participation in armed combat as evidenced by his statement that in the event this country became engaged in a war with a communist country under certain circumstances he would go. As some of the people who interviewed him remarked, petitioner seems to sincerely hold his beliefs, but they do not rise to the level needed to fulfill the conscientious objector standard. Accordingly, I find that the evidence discloses no genuine issue of material fact as to there being a basis in fact for defendants' decision and, therefore, the defendants are entitled to summary judgment as a matter of law; the petition for a writ of habeas corpus will be denied.